**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-05019-NYW

YOVANY JOSÉ CHIRINO SILVERA,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,

Respondent.

---

**MEMORANDUM OPINION AND ORDER**

---

Before the Court is the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") filed pro se by Petitioner Yovany José Chirino Silvera on October 7, 2026. [Doc. 1]. Respondent has filed a Response. [Doc. 7]. After reviewing the record and the applicable law, the Petition is **GRANTED in part**.

**DISCUSSION**

Petitioner is a federal immigration detainee being held at the Aurora Detention Center in Aurora, Colorado. [Doc. 1 at 1]. Petitioner states that he was detained by state authorities on August 21, 2026, and, after an Arapahoe County Court proceeding on August 22, 2026, was released from state custody but then immediately taken into Immigration and Customs Enforcement ("ICE") custody. [*Id.* at 2]. He states that ICE did not explain the legal basis for the new custody or provide custody documents. [*Id.*]. Petitioner requests relief including that "the Court require the Government to identify and

justify the legal and factual authority for his current detention. . . and, if the Government cannot establish a lawful basis for continued detention, grant appropriate habeas relief, including release as permitted by law. [*Id.* at 4].

There is nothing in the record that reflects that ICE had a lawful detainer against Mr. Chirino Silvera. In addition, as previously explained in detail by the Court, section 1226 authorizes arrest and detention only "[o]n a warrant issued by the Attorney General," 8 U.S.C. § 1226(a), or without a warrant in very limited circumstances, 8 U.S.C. § 1357(a)(2). *See also Torres v. Baltazar,* No. 26-cv-04996-NYW, 2026 WL 3120698, at *2 (D. Colo. Oct. 19, 2026) (discussing the requirements for warrantless arrests). Respondent makes no argument that Petitioner's ongoing detention is justified. [Doc. 7 at 1] ("For purposes of this specific case, Respondent is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."). Furthermore, "Respondent recognizes that the Court may then decide to grant the Petition and award appropriate relief." [*Id.*]. Respondent asserts that "the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, release Petitioner from detention." [*Id.* at 1-2] (emphasis in the original).

Because nothing in the record before this Court demonstrates that the Government had a lawful detainer against Petitioner, or otherwise complied with either § 1226(a) in obtaining a warrant prior to Petitioner's arrest or § 1357(a)(2), and because Respondent does not contest Petitioner's claim that he is entitled to immediate release, the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part** with respect to Petitioner's request for release. Respondents **SHALL RELEASE** Petitioner within **48 hours** of the entry of this Order. Because the Court has granted the

requested relief, the Court need not address Petitioner's other claims.[1]

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part**;

(2) Respondent is **DIRECTED** to immediately release Petitioner **within 48 hours of the entry of this Order**;

(3) Respondent **SHALL SUBMIT** a joint status report pursuant to 28 U.S.C. § 1746 on or before **October 30, 2026,** confirming Petitioner's release from custody and indicating whether any additional proceedings in this matter are required; and

(4) All pending motions are **DENIED AS MOOT**.

[1] Petitioner also filed an Emergency Motion for Immediate Release, or In the Alternative, Expedited Custody/Bond Review; For Immediate Continuation of Medical Treatment; and for Preservation and Production of Medical and Custody Record on the same day as the instant petition. [Doc. 2]. In addition to immediate release or expedited custody/bond review, the Emergency Motion seeks the preservation and production of all medical records held by the detention facility, as well as an injunction requiring his HIV treatment to continue without interruption. [*Id.* a 6]. Despite the Court's concern regarding Petitioner's allegations that he has been deprived of life-sustaining medication while detained, a habeas petition does not grant the Court subject matter jurisdiction over issues pertaining to the condition of confinement. *See Davis v. Fox*, 701 F. App'x 715 (10th Cir. 2017) ("The 'purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody.'. . . [A] prisoner 'who challenges the conditions of his confinement must do so through a civil rights action.'") (citing *Palma-Salazar v. Davis*, 677 F.3d 1031 (10th Cir. 2012)).

DATED: October 23, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge